**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| YOUKE ZENG,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH T. CUCCINELLI II, Acting Director, U.S. Citizenship and Immigration Services, in his official capacity; KIM ZANOTTI, Director, Virginia-Washington Field Office, U.S. Citizenship and Immigration Services, in her official capacity; KEVIN K. MCALEENAN, Acting Secretary, U.S. Department of Homeland Security, in his official capacity,<br><br>Defendants. | ) | Civil Action No.: |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

## INTRODUCTION

1. When the federal government seeks to eliminate a program that has existed for decades and benefitted tens of thousands of individuals, it must do so in a manner that comports with the requisite procedural requirements, and it must do so for reasons that are not arbitrary, capricious, or contrary to law. This is especially true when the government program at issue provides a vital lifeline for some of the most vulnerable members of society, immigrants with potentially fatal medical conditions, such as the Plaintiff in this case.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 2201, and 5 U.S.C. § 702.

3. Venue is proper before this division of this Court pursuant to 28 U.S.C. § 1391(e)(1)(A) because Defendant Zanotti's principal place of business, and the office in which Plaintiff's deferred action application would normally be adjudicated, is in Fairfax, Va.

## PARTIES

4. Plaintiff Youke Zeng, a Chinese national, is not affiliated with the U.S. military. Mr. Zeng was diagnosed with [redacted]. While he is being considered for a [redacted], he must obtain permission to remain in the United States for the duration of the treatment before [redacted] will continue the approval process. Mr. Zeng was preparing to file a request for deferred action when USCIS, abruptly and without notice, terminated its deferred action program for all individuals other than those affiliated with the U.S. military. As a result, Mr. Zeng now has no chance of obtaining a life-saving procedure because he cannot apply for deferred action.

5. Defendant Kenneth T. Cuccinelli II is sued in his official capacity as Acting Director of USCIS, a federal agency that is a part of DHS. In this capacity, Mr. Cuccinelli is responsible for and oversees the work of USCIS including its policies governing the administration and adjudication of requests for immigration relief including deferred action to individuals with serious medical conditions.

6. Defendant Kim Zanotti is sued in her official capacity as Director of the USCIS Virginia-Washington field office. In this capacity, Ms. Zanotti oversees the work of the Virginia-Washington field office, and upon information and belief, oversees decisions regarding deferred action requests from applicants with serious health conditions.

7. Defendant Keven K. McAleenan is sued in his official capacity as Acting Secretary of the U.S. Department of Homeland Security. In this capacity, Mr. McCleenan is responsible for administering and enforcing the immigration laws of the United States.

## STATEMENT OF FACTS

### I. USCIS has an established history and policy of providing deferred action status to critically ill individuals who need medical treatment in the United States.

8. For decades, the U.S. Immigration and Naturalization Service ("INS"), succeeded by USCIS, has provided relief to individuals in "exigent circumstances," such as those suffering from serious medical conditions, in the form of deferred action.[1]

9. As described by government regulation, deferred action is "an act of administrative convenience to the government which gives some cases lower priority." 8 C.F.R. § 274a.12(c)(14). Individuals who receive deferred action status from USCIS are permitted to

---

[1] Citizenship & Immigration Servs. Ombudsman, U.S. Dep't of Homeland Sec., *Deferred Action: Recommendations to Improve Transparency and Consistency in the USCIS Process* (July 11, 2011), https://www.dhs.gov/sites/default/files/publications/cisomb-combined-dar.pdf.

remain temporarily in the United States without the threat of being placed in removal proceedings for the duration of the deferred action period.[2] Deferred action status also confers other benefits such as eligibility to apply for work authorization; eligibility to receive Social Security, retirement, and disability benefits; and the ability to apply for a driver's license or unemployment insurance in certain states.[3] Further, during the deferred action period, recipients do not accrue unlawful presence under 8 U.S.C. § 1182(a)(9)(B)(i), which could otherwise deprive them of future immigration relief or benefits.

10. After the creation of DHS in 2003, the authority to grant deferred action was officially delegated to USCIS, as well as U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP").[4]

11. USCIS has long been the agency primarily responsible for administering and adjudicating deferred action requests made by individuals with serious illnesses who are receiving or in need of medical treatment in the United States and are not currently in removal proceedings.[5] If an applicant is in removal proceedings or has a final order of removal, USCIS rejects the application and directs the applicant to submit his/her deferred action request to ICE.[6]

---

[2] *Id.*

[3] *See, e.g.*, 8 U.S.C. §§ 1611(b)(2)-(3), 1621(d); 8 C.F.R. § 274a.12(c)(14).

[4] Homeland Security Act of 2002, Pub. L. No. 107-296, § 442(c), 116 Stat. 2135, 2194 (2002); Dep't of Homeland Sec. Sec'y Tom Ridge, *Delegation to the Bureau of Citizenship and Immigration Services* (June 5, 2003) (delegating authority to grant voluntary departure under section 240B of the INA, 8 U.S.C. §1229c, and deferred action); *see* U.S. Department of Justice, Immigration Naturalization Service Fact Sheet, Prosecutorial Discretion Guidelines (Nov. 28, 2000).

[5] *See* U.S. Citizenship & Immigration Servs., *Standard Operating Procedures for Handling Deferred Action Requests at USCIS Field Offices* 3-4 (Mar. 7, 2012) ("USCIS SOP"); USCIS Policy Manual, Vol. 3, Pt. F, *Deferred Action*, at Ch. 3.A (current as of Feb. 15, 2019).

[6] USCIS SOP at 3-4, 12-13; USCIS Policy Manual at Ch. 3.A.

12. ICE does not have any procedure for accepting or adjudicating deferred action requests other than issuing Stays of Removal to individuals with final removal orders, *see* ICE Form I-246, *available at* https://www.ice.gov/sites/default/files/documents/Document/2017/ice_form_i_246.pdf ("**1. Who may file this application?** Anyone ordered deported or removed from the United States may apply for a stay of deportation or removal under 8 C.F.R. 241.6."). ICE does not currently (nor does it have plans to ever) accept deferred action requests from individuals not in removal proceedings and with no final order of removal.

13. The procedure for adjudicating non-military deferred action requests submitted to USCIS are governed by USCIS's 2012 "Standard Operating Procedures for Handling Deferred Action Requests at USCIS Field Offices," ("USCIS SOP") which "applies to all requests for deferred action . . . handled at USCIS Field Offices."[7]

14. Either an individual or a legal representative may submit a formal request to USCIS for deferred action. Deferred action requests must be signed by the applicant, and applications should include an explanation as to why the individual is seeking deferred action as well as any supporting documents. Supporting documents may include but are not limited to, proof of identity and nationality, biographic information, immigration records, and "medical information, evidence of community and familial ties and equities, [and] conditions in the requestor's country of origin."[8]

15. Applications are filed at local USCIS filed offices, where each application is reviewed by a Field Office Director and/or District Director before the USCIS Regional Director makes a final determination for the field office.

---

[7] USCIS SOP at 3; USCIS Policy Manual at Ch. 3.
[8] USCIS SOP at 3; USCIS Policy Manual, at Ch. 3.A.

16. Applicants must be fingerprinted and USCIS must complete various background and security checks before a deferred action request may be approved.[9] Field offices are directed to "make every effort to ensure that deferred action requests are completed within 90 days."[10]

17. Deferred action applicants may not have any lawful immigration status at the time of filing. Historically, leaving aside categorical deferred actions such as DACA and pending U-visas, USCIS approves about half of the estimated 1000 non-military deferred action applications that it receives per year.

## II. Without providing any notice, USCIS abruptly terminated deferred action for all non-military cases.

18. On August 7, 2019, USCIS field offices suddenly and without providing notice, terminated consideration of all non-military deferred action requests.

19. USCIS did not publicly announce its change in policy, nor did it announce a reason for the change. Indeed, the only public reason USCIS *has ever* given for the change is, "to better align USCIS with its mission of administering our nation's lawful immigration system."[11]

20. Upon information and belief, on or about mid-August 2019, several USCIS field offices began sending letters to approximately 424 applicants denying their requests for deferred action on the ground that USCIS field offices "no longer consider deferred action requests, except those made according to [DHS] policies for certain military members, and their families."

21. USCIS's denial letters did not inform applicants of any alternative means of applying for deferred action or other options.

---

[9] USCIS SOP at 4-6; USCIS Policy Manual, at Ch. 3.D, G.

[10] USCIS SOP at 6; USCIS Policy Manual at Ch. 4.

[11] In a subsequent Congressional hearing on the matter, USCIS's representative refused to state any other reason, and even refused to state *whether there was* any other reason.

22. Instead, the denial letters included the following threat: "If you fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the immigration court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit."

23. On or around the end of August 2019, members of the press began reporting on USCIS's abrupt termination of the deferred action. In response to requests for clarification of policy change, USCIS informed the press that "medical deferred action are now submitted to ICE for consideration."[12]

24. ICE was neither informed that USCIS would stop adjudicating deferred action requests nor that ICE was now responsible for handling these requests.[13]

25. ICE also has no plans to take over the function of processing non-military requests for deferred action. According to an ICE official, "There is no program [at ICE] that's

---

[12] Shannon Dooling, *After Receiving Denial Letters, Immigrants Fear End of Medical Deferral Program*, WBUR (updated Aug. 27, 2019, 12:12 PM), https://www.wbur.org/news/2019/08/26/medical-deferment-immigration-program-ended; *see also* Anna Giritelli, *ICE now to decide on suspending deportations of seriously ill immigrants*, Washington Examiner (Aug. 27, 2019), https://www.washingtonexaminer.com/news/ice-now-to-decide-on-suspending-deportations-of-seriously-ill-immigrants; Miriam Jordan & Caitlin Dickerson, *Sick Migrants Undergoing Lifesaving Care Can Now Be Deported*, N.Y. Times (Aug. 29, 2019), *available at* https://www.nytimes.com/2019/08/29/us/immigrant-medical-treatment-deferred-action.html?rref= collection%2Fbyline%2Fmiriam-jordan&action=click&contentCollection=undefined®ion=stream&module= inline&version=latest&contentPlacement=2&pgtype=collection.

[13] Shannon Dooling, *Feds Can't Agree On Which Agency – If Any – Handles Medical Deportation Deferrals*, WBUR (Aug. 28, 2019), https://www.wbur.org/news/2019/08/28/ice-uscis-immigrants-medical-deferred-action.

going to take over that function," and "ICE is not going to implement any sort of a program or procedure or policy to take over that function."[14]

26. ICE does not process applications for deferred action for individuals who are not in removal proceedings or have a final order of removal. One ICE official even reportedly stated that ICE does not accept "applications" for deferred action.[15]

27. On September 2, 2019, after intense public pressure, USCIS announced that it was reopening all non-military deferred action cases that were pending on August 7, 2019.[16] The press release, however, made clear that USCIS's deferred action program remains terminated, and no new applicants may apply.

### III. USCIS's termination of deferred action has directly harmed Plaintiff, putting his very life at risk.

28. Plaintiff is a 54-year old citizen of China. He entered the United States in October 2015 on a tourist visa, which expired in April 2016.

29. Immediately after he arrived in the United States, Plaintiff learned that [redacted] [redacted], Plaintiff put off his traveling plans to [redacted] [redacted] [redacted].

---

[14] *Id.*; *see also* Julia Ainsley, *Without notice, U.S. is rejecting requests to defer deportations*, NBC News (Aug. 28, 2019), https://www.nbcnews.com/politics/immigration/without-notice-u-s-rejecting-requests-defer-deportations-n1047491

[15] Camilo Montoya-Galvez, *Trump administration to process some deferred deportation requests from sick immigrations*, CBS News (Sept. 2, 2019), https://www.cbsnews.com/news/medical-deferred-action-trump-administration-will-process-some-deferred-deportation-requests-from-sick-immigrants/.

[16] *USCIS Re-Opens Previously Pending Deferral Requests*, USCIS (last updated Sept. 2, 2019) https://www.uscis.gov/news/alerts/uscis-re-opens-previously-pending-deferral-requests.

30. Eventually, Plaintiff started making plans again to travel around the United States before returning to China. Before he could embark on his journey, however, he became very ill.

31. On or about November 23, 2017, Thanksgiving Day, Plaintiff was diagnosed with [redacted].

[redacted]

33. Plaintiff has been receiving treatment at [redacted]. Because Plaintiff does not have any financial resources, [redacted].

34. [redacted].

35. According to his doctors and other medical staff, however, Plaintiff needs [redacted].

36. [redacted].

37. Due to the severity of his condition, Plaintiff [redacted].

38. [REDACTED] because his life could be endangered if the treatment was disrupted by his potential placement into removal proceedings and/or deportation.

39. Plaintiff was preparing to submit his application for deferred action to USCIS when USCIS terminated consideration of all non-military deferred action requests, without providing any notice, explanation, or alternative means for deferred action.

40. Due to USCIS's termination of non-military deferred action, Plaintiff cannot continue the process of obtaining [REDACTED], a life-saving procedure.

41. Plaintiff would not be able to access this life-saving procedure anywhere else, including his home country, because he lacks financial resources and the deficiencies of China's health care system.

## CAUSES OF ACTION

### Count I

### Violation of the Administrative Procedure Act ("APA") Notice-and-Comment Rulemaking, 5 U.S.C. § 706(2)(D)

42. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

43. USCIS, which is overseen by Defendants, is a federal agency whose final actions are subject to judicial review under the APA. 5 U.S.C. § 551(1), (5).

44. When a federal agency makes new rules which impose legally binding obligations, that agency must promulgate the new rule by means of notice-and-comment rulemaking, subject only to limited sections not applicable here. 5 U.S.C. § 553.

45. The APA requires courts to "hold unlawful and set aside agency actions, findings, and conclusions found to be . . . without observance of procedure required by law[.]" 5 U.S.C. § 706(2)(D).

46. USCIS's authority over non-military deferred action, which was developed over the decades through practice, policies, and procedures is well-established and accepted, as evidenced by regulation and statute. Defendants termination of USCIS's authority to grant any non-military deferred action requests, including those based on medical need, is thus a substantive legislative rule and subject to the APA's notice-and-comment procedures.

47. By failing to adhere to these procedures, Defendants have violated the APA, to Plaintiff's injury.

**Count II**

**Violation of the Administrative Procedure Act ("APA") Prohibition on Arbitrary and Capricious Action, 5 U.S.C. § 706(2)(A)**

48. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

49. The APA requires courts to "hold unlawful and set aside agency actions, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

50. Defendants' termination of USCIS's long-standing authority over non-military deferred action without reasoned justification, and with the explanation that such individuals may henceforth file applications with an agency—ICE—that does not even accept such applications, is arbitrary, capricious, and an abuse of discretion in violation of the APA, to Plaintiff's injury.

**Count III**

**Violation of the Administrative Procedure Act ("APA") Prohibition on Unlawful Action, 5 U.S.C. § 706(2)(A), (C)**

51. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

52. The APA requires courts to "hold unlawful and set aside agency actions, findings, and conclusions found to be . . . not in accordance with law." 5 U.S.C. § 706(2)(A).

53. The APA furthermore requires courts to "hold unlawful and set aside agency actions, findings, and conclusions found to be . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(C).

54. Defendants' termination of USCIS's long-standing authority over non-military deferred action without reasoned justification, and with the explanation that such individuals may henceforth file applications with an agency—ICE—that does not even accept such applications, resulted in the *de facto* elimination of this category of benefit. Where the continued existence of this benefit is presumed and relief upon by various provisions of United States Code and the Code of Federal Regulations, such action is *ultra vires* and contrary to law, to Plaintiff's injury.

**Count IV**

**Violation of the Administrative Procedure Act ("APA") Prohibition on Agency Action Unlawfully Withheld, 5 U.S.C. § 706(1)**

55. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

56. The APA requires courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

57. Defendants' termination of USCIS's long-standing authority over non-military deferred action without reasoned justification, and with the explanation that such individuals may henceforth file applications with an agency—ICE—that does not even accept such applications, will cause Plaintiff's application for deferred action to be unlawfully withheld, to his injury.

58. Plaintiff need not administratively exhaust this claim where such exhaustion would be futile in light of Defendants' blanket, make-no-exceptions decision that USCIS will no longer accept new application for non-military deferred action.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

a. Declare that all Defendants' actions taken to terminate USCIS's authority to grant requests for non-military deferred action are void and without legal force or effect;

b. Declare that all Defendants' actions to terminate USCIS's authority to grant requests for non-military deferred action are arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, in excess of statutory jurisdiction and authority, and without observance of procedure required by law, in violation of the Administrative Procedure Act;

c. Vacate and set aside Defendants' termination of USCIS's authority to grant requests for non-military deferred action, including any actions taken by Defendants to effect such termination;

d. Enjoin Defendants, their agents, subordinates, employees, representatives, attorneys, and all other persons in active concert or participation with them from implementing,

re-instating, or taking any other action in furtherance of terminating USCIS's authority to grant requests for non-military deferred action that is not in compliance with law;

e. Order Defendants to accept for processing and process Plaintiff's request for deferred action, under the procedures and substantive standards in existence as of July 31, 2019;

f. Grant Plaintiff his costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act; and

g. Grant any further relief as this Court deems just and proper.

Respectfully submitted,

_______//s//_______________________ Dated: September 15, 2019

Simon Sandoval-Moshenberg (VSB No. 77110)
*simon@justice4all.org*
Jennifer Kwon (VSB No. 71175)
*jennifer@justice4all.org*
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5605
Fax: (703) 778-3454
*Counsel for Plaintiff*